UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deonte M. Wilson,                                                    Case No. 1:13-cv-01821

             Petitioner

    v.                                                                          ORDER

Margaret A. Bradshaw,

             Respondent

        Before me is the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong recommending denial of Petitioner Deonte M. Wilson's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 13).  Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001).  The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147).  After receiving an extension of time, Wilson filed his "objection to Report and Recommendation."  (Doc. No. 16).

A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review.  *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Wilson did not offer specific objections to, or even mention, Magistrate Judge Armstrong's Report and Recommendation; instead, he merely resubmits large portions of his Traverse.  (Doc. No. 16; Doc. No. 12 at 33-60).  Habeas petitioners who argue the merits of a claim but fail to challenge the magistrate judge's recommendation fail to meet the specific objection requirement.  *See Miller*, 50 F.3d at 380 (affirming district court's conclusion that objections disputing the correctness of the magistrate judge's conclusion but failing to specify which findings were erroneous constituted general objections and consequently a failure to object); *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (same).  Wilson's filing effectively is a general objection and has the same effect as a failure to object.  *Howard*, 932 F.2d at 509.

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation in its entirety as the Order of the Court.  Wilson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is denied.  The failure to file specific objections to a magistrate judge's report also waives appellate review.  *Smith*, 829 F.2d at 1373.  Therefore I also deny Wilson's request for a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge